IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAROLYN BARNES, | § § | |
| PLAINTIFF | § § | |
| VS. | § | NO. 1:15-CV-298-RP |
| TEXAS ATTORNEY GENERAL, ET AL., | § § § | |
| DEFENDANTS | § | |

## ORDER

Before the Court is Plaintiff's Objections to Notice of Removal and Motion to Remand (Dkt. No. 32), and the Memorandum in Support, and the United States' & Kathleen Gittel's Response in Opposition (Dkt. No. 54). The Court has previously referred all pending motions to Magistrate Judge Andrew Austin for resolution or recommendation. Dkt. No. 59. The Court hereby withdraws that reference with regard to the matters addressed herein.

Plaintiff's suit names 78 defendants, ranging from the Attorney General of Texas, to local media outlets, to individuals. Though there is nothing short nor concise about her Original Petition, the following lengthy sentence best summarizes Barnes' complaints against these parties:

> A group of white misogynous male competitors and other bar members entered into a conspiracy to silence, suppress, and strip BARNES of her constitutional and statutory rights in retaliation against her for performing her duties as an officer of the court; zealously representing her clients; conducting thorough discovery that led to the continuous exposure of corruption and illegal short-cuts; speech-only conduct; political activism; refusal to associate with them, support or participate in their political party, or endorse their candidates; exposing their corruption and unconstitutional short cuts; refusing to be bullied or cowered into submission; resisting illegal extortion and oppression; remaining free of alcohol, drugs, gambling, or lascivious behavior such that they could not blackmail, corrupt, or control her; and suing them in a court of law.

Dkt. No. 1-1 at 13-14, ¶ 2. The case was originally filed in the 419th District Court of Travis County. It was removed to this Court on April 17, 2015, by the United States of America under the Westfall Act, 28 U.S.C. § 2679.

One of the defendants named by Barnes in her Original Petition in state court was Kathleen Gittel. Dkt No. 1-1 at 7. The Attorney General of the United States has certified that Gittel was acting within the scope of her employment with the U.S. Census Bureau at the time in question. Dkt. No. 1-3. Under the Westfall Act, this grants the government the right to remove the case, and to be substituted as the defendant on the claim in question. 28 U.S.C. § 2679(d)(2). Exercising this right, the government removed the case to this Court on April 17, 2015. Dkt. No. 1. Notwithstanding Barnes' assertions to the contrary, the government has the absolute right to remove this case on that basis, and the Attorney's General's certification "conclusively establish[es] scope of employment for purposes of removal" for purposes of the Act. *Osborn v. Haley*, 549 U.S. 225, 242 (2007). When such a certification is made, the "exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court." *Id.* at 231. Accordingly, the Court will **DENY** the Motion to Remand (Dkt. No. 32) to the extent the motion relates to the claims against Ms. Gittel, and the two other named, but un-served, federal employees.[1]

This does not end the Court's analysis, however. As noted earlier, there are 75 other defendants named in this wide-ranging case. All of the claims are brought under state law. The removal statute, contemplating such a situation, states:

**(c) Joinder of Federal Law Claims and State Law Claims.**

(1)   If a civil action includes—

    (A)   a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

---

[1] The government notes that two other federal employees, Harold Poppa and Lacey Loftin, are named as defendants. Dkt. No. 1 at 2, n.2. They have not yet been served in the case.

> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
>
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c)(2).

The decision whether to retain or remand state law claims is within the sound discretion of the district judge. Rarely has the Fifth Circuit found that a district court abused its discretion by remanding state claims. In those few cases in which it has, it is most often because the district court had already "invested a significant amount of judicial resources in the litigation," to the tune of having presided over the case for several years, and having decided many of the issues presented by the case. *Brookshire Bros. Holding, Inc. v. Dayco Products*, 554 F.3d 595, 602-603 (5th Cir. 2009) (listing cases). On the other hand, where this is not the case, the circuit has affirmed a court exercising its discretion to remand state laws claims:

> The district court correctly determined that the balance of common law factors weighs in favor of remand in this case. First, the district court's retention of the case would not serve judicial economy in light of the early stage of the litigation. At the time of Hicks's motion to remand, the case had been in federal court for less than a month, the court had not yet issued a scheduling order or held any hearings, the parties had not briefed any substantive motions, and the district court was not "intimately familiar" with the merits of the case. *See Brookshire Bros.*, 554 F.3d at 602–03; *Parker & Parsley*, 972 F.2d at 587. Second, the parties agree that the relevant state and federal courthouses are in equally convenient locations. Third, "it was certainly fair to have [ ] the purely Texas state law claims heard in Texas state court," and there was nothing in the record to suggest that either party would be prejudiced by remand. *See Enochs*, 641 F.3d at 160. Finally, comity weighs in favor of remand as "the Supreme Court has for nearly half a century cautioned federal courts to avoid 'needless decisions of state law.'" Id. at 161 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

*Hicks v. Austin ISD*, 564 Fed. Appx. 747 (5th Cir. 2014) (unpublished). That is the situation here. No dispositive matters have been decided; in fact, no answers have even been filed yet.

There is little question that the state law claims pled by Barnes in her Original Petition predominate over the claim against Gittel. The fact that state law claims predominate over federal claims is a proper basis on which a federal court may decline to exercise supplemental jurisdiction over state claims that are joined with federal claims in a removed case. 28 U.S.C. § 1367(c)(2). Though Barnes' multiple requests for declaratory relief are not entirely coherent, they address such issues as—and this is only a partial list of the hundreds of declarations she requests—the state grand jury process, the state mental health commitment process, the use of psychiatrists and appointed attorneys to determine a criminal defendant's competence, and the right to bail. In each of the requests for declaratory relief, Barnes is careful to state that she seeks the declaration "under Texas law, properly construed in light of the restraints imposed by the Texas Constitution." Because the state law claims in this suit substantially predominate over the few claims against the three federal defendants, and because this case has just recently been filed, the proper exercise of this Court's discretion under 28 U.S.C. § 1441(c)(2) is to remand all of the non-federal claims back to state court.

**ACCORDINGLY,** it is **ORDERED** that Plaintiff's Motion to Remand (Dkt. No. 32) is **DENIED.**

It is **FURTHER ORDERED** that all of Barnes' claims against defendants other than Kathleen Gittel, Harold Poppa, and Lacey Loftin be **SEVERED** from this case, and **REMANDED** to the 419th Judicial District Court for Travis County Texas. The sole claims remaining shall be those against Kathleen Gittel, Harold Poppa, and Lacey Loftin.

It is **FURTHER ORDERED** that all pending motions other than the government's Motion to Dismiss for Lack of Jurisdiction (Dkt No. 4) are **DISMISSED AS MOOT**.

Finally, it is **ORDERED** that the style of this case shall be changed to *Carolyn Barnes v. United States of America*.

**SIGNED** on June 4, 2015.

                                                       _____
                                                       ROBERT L. PITMAN
                                                       UNITED STATES DISTRICT JUDGE