IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAROLYN BARNES, | § § | |
| PLAINTIFF | § § | |
| V. | § | No. 1:15-CV-298-RP |
| TEXAS ATTORNEY GENERAL, ET AL., | § § § | |
| DEFENDANTS | § | |

## ORDER

Before the Court is Plaintiff's Objections to Referral and Motion to Disqualify, filed June 5, 2015 (Clerk's Dkt. #77). Having reviewed the motion, the applicable case law, and the entire case file on appeal, the Court issues the following Order.

## Background

This lawsuit was filed by Plaintiff against 78 defendants in the 419th District Court of Travis County, Texas, and removed to this Court by the United States of America on April 17, 2015 under the Westfall Act, 28 U.S.C. § 2679. By Order dated May 22, 2015, the Court referred all pending and future motions in this case to United Magistrate Judge Andrew Austin for resolution or recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72 and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended. Plaintiff objects to the aforementioned referral and moves to disqualify United States Magistrate Judge Andrew Austin from this matter pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455.[1]

## Standard of Review

Under 28 U.S.C. § 144, whenever a party files a timely and sufficient affidavit that the

---

[1] Plaintiff's motion also requests the disqualification of United States District Judge Lee Yeakel. Judge Yeakel is not involved in this proceeding and Plaintiff's contentions with respect to Judge Yeakel are wholly irrelevant.

presiding judge has a personal bias or prejudice either for or against said party, such judge shall proceed no further and another judge shall decide the issue. 28 U.S.C. § 144. Under 28 U.S.C. § 455 a judge may be disqualified where the judge's impartiality might reasonably be questioned or the judge has a personal bias or prejudice concerning a party. 28 U.S.C. § 455(a) and (b)(1).

Under either § 144 or § 455, "the alleged bias must be personal, as distinguished from judicial in nature." *United States v. Scroggins*, 481 F.3d 824, 830 (5th Cir. 2007)(internal citations omitted). The alleged bias or prejudice must stem from an extrajudicial source, resulting in an opinion "on some basis other than what the judge learned from his participation in the case." *United States v. MMR Corp.*, 954 F.2d 1040, 1045-46 (5th Cir. 1992)(quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).

The determination of whether disqualification is appropriate is within the sound discretion of the judge. *In re Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993).

## Discussion

In her motion to disqualify, Plaintiff discusses at great length the alleged bias and prejudice Judge Austin has shown, both against Plaintiff and in favor of the defendants, in a prior judicial proceeding. Plaintiff alleges Judge Austin is part of a vast, right-wing conspiracy to deprive Plaintiff of her rights, and that Judge Austin's previous findings and rulings against Plaintiff constituted such things as fraud, sedition, defamation, obstruction of justice, and aiding and abetting a criminal conspiracy.

All of the conduct referenced by Plaintiff as evidence of Judge Austin's bias occurred during the course of judicial proceedings. Plaintiff does not allege Judge Austin's alleged bias arises from anything other than his previous interactions with Plaintiff in the judicial setting.

The fact a judge has ruled against a party in the same or a prior judicial proceeding does not render the judge biased or require the judge's disqualification. *Hipp,* 5 F.3d at 116. "Adverse

judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." *Scroggins*, 481 F.3d at 830.

Therefore, as much as Plaintiff objects to Judge Austin's prior findings, recommendations and rulings, unless they show such antagonism as to indicate fair judgment with respect to Plaintiff is impossible, they do not constitute grounds for disqualification. Despite Plaintiff's vociferous assertions to the contrary, Judge Austin's conduct during the previous judicial proceeding does not indicate such antagonism.

Plaintiff makes a great many unsubstantiated allegations regarding Judge Austin and the so-called criminal conspiracy of which he is allegedly a member. However, in this Court's opinion, none of these allegations present a legitimate ground for the disqualification of Judge Austin under § 144 or § 455.

Under § 455, the standard for impartiality is whether "a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *In re Chevron U.S.A.*, 121 F.3d 163, 165 (5th Cir. 1997)(internal citations omitted). Having reviewed Plaintiff's motion and the entire case file, this Court finds that no reasonable person, knowing all of the facts and circumstances surrounding this case, would question Judge Austin's impartiality based on his previous judicial dealings with Plaintiff.

Accordingly, **IT IS THEREFORE ORDERED** Plaintiff's Objections to Referral and Motion to Disqualify (Clerk's Dkt. #77) is hereby **DENIED**.

**SIGNED** on June 10, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE