IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CAROLYN BARNES, §
§
PLAINTIFF §
§
V. § No. 1:15-CV-298-RP
§
TEXAS ATTORNEY GENERAL, ET AL., §
§
DEFENDANTS §

## ORDER

Before the Court is Plaintiff's Motion for Reconsideration Pursuant to Federal Rules of Civil

Procedure 59(E), Ninth and Tenth Amendments to the United States Constitution, and Texas Bill

of Rights, filed June 8, 2015 (Clerk's Dkt. #78).  Plaintiff asks this Court to reconsider its Order

dated June 4, 2015 denying Plaintiff's Motion to Remand, and severing and remanding Plaintiff's

claims against all defendants other than Kathleen Gittel, Harold Poppa and Lacey Loftin.  By way

of her motion to reconsider, Plaintiff seeks to have the remaining claims in this action against

Kathleen Gittel, Harold Poppa and Lacey Loftin remanded as well.

Although Plaintiff's motion references Federal Rule of Civil Procedure 59(E), such provision

is not applicable because no judgment has been entered in this matter.  The Court will construe

Plaintiff's motion as a request for relief from the Court's Order pursuant to Federal Rule of Civil

Procedure 60(b).

Under Rule 60(b), a party may seek relief from a court's order for a number of reasons,

including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud,

misrepresentation, misconduct or "any other reason that justifies relief."  FED. R. CIV. P. 60(b).

"Due to the interest in finality, motions for reconsideration are granted only when the moving party

shows there was a mistake of law or fact or presents newly discovered evidence that could not

have been discovered previously."  *Minh Tran. v. Kaiser Found. Health Plan*, 2001 Dist. LEXIS

14039 at 6 (N.D. Tex. Sept. 10, 2001).  It is within the sound discretion of the court whether to grant or deny relief under Rule 60(b).  *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).

In her motion, Plaintiff reasserts many of the arguments she has already presented in her Objections to Notice of Removal and Motion to Remand and the Memorandum in Support thereof. What Plaintiff fails to do, however, is present any credible argument showing there was a mistake in law or fact, or any newly discovered evidence that could not have been discovered previously. Having reviewed Plaintiff's motion, the applicable case law and the entire case file, this Court is of the opinion that its Order of June 4, 2015 is correct, and that Plaintiff's motion to reconsider should be denied.

**IT IS THEREFORE ORDERED** Plaintiff's Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure 59(E), Ninth and Tenth Amendments to the United States Constitution, and Texas Bill of Rights (Clerk's Dkt. #78) is hereby **DENIED**.

**SIGNED** on June 15, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE