**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CAROLYN BARNES** | § | |
| | § | |
| **v.** | § | **A-15-CV-298-RP** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Carolyn Barnes' Motion Challenging Standing of the United States (Dkt. No. 86) and the United States' Response (Dkt. No. 88). The Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

## I. BACKGROUND

Plaintiff Carolyn Barnes originally brought this suit against 78 defendants in the 419th District Court of Travis County. One Defendant, Kathleen Gittel, was working as a United States Census Bureau worker at the time the events giving rise to Barnes' claim took place. Accordingly, the United States removed the action to this Court on April 17, 2015, under the Westfall Act, 28 U.S.C. § 2679. By order dated June 4, 2015, District Judge Robert Pitman severed the claims against Gittel and two other defendants and remanded the remainder of the case to state court. Dkt. No. 75. The United States then brought a motion to dismiss on behalf of Gittel and itself. The United States argued that because Gittel was acting within the scope of her duties at the time of the alleged events, she was entitled to absolute immunity. It contended that because Gittel was a federal employee,

Barnes' claim was actually one against the United States under the Federal Tort Claims Act, and the United States should be substituted as Defendant for Gittel. It further contended that because Barnes had not exhausted her administrative remedies under the FTCA before filing suit, she had failed to state a claim for which relief may be granted, and her suit against the United States should be dismissed. After reviewing the motion, Barnes' response, and the relevant case law, the undersigned recommended that Judge Pitman grant the motion to dismiss. Barnes objected to the report and recommendation, and Judge Pitman adopted the undersigned's recommendations and dismissed Barnes' claims against Gittel and the United States. Dkt. No. 97.

In the intervening time between the submission of the undersigned's Report and Recommendation and the District Court's order adopting it, Barnes filed the instant Motion Challenging Standing of United States [*sic*].

## II. ANALYSIS

By her motion, Barnes protests that the United States lacks standing in this suit. Standing is almost invariably considered a requirement of the party bringing a cause of action, not the party defending against one. The United States is the defendant, not the plaintiff, here. Nonetheless, a few courts have dismissed cases for a lack of standing when it was unclear whether the defendant caused the injury complained of, or whether a defendant is capable of redressing that injury. *See* 13A FED. PRAC. & PROC. JURIS. § 3531 (3d ed.) (citing, *inter alia*, *Toth v. United Auto. Aerospace and Agr. Implement Workers of America UAW*, 743 F.2d 398, 404–405 (6th Cir. 1984); *Natural Resources Defense Council, Inc. v. Jamison*, 787 F. Supp. 231, 235 n. 1 (D.D.C. 1990); *People ex rel. Simpson v. Highland Irr. Co.*, 893 P.2d 122, 126–128 (Colo. 1995)). Thus, while unorthodox, Barnes' argument is not unprecedented. It is, however, wrong. Here, the United States was substituted for

Kathleen Gittel precisely because it is the true party in interest when a plaintiff sues a federal employee for conduct that is within the scope of that employment.  28 U.S.C. § 2679 (b)(1), (d)(1)-(2) (setting out that "the remedy against the United States" provided by the FTCA is the "exclusive" remedy in such cases).

What Barnes really disputes is whether the case was properly removed to Federal court, and whether the United States was properly substituted as the defendant in place of Gittel.  To that end, Barnes asserts the same arguments she brought in her response to the United States' motion to dismiss, her objections to the Report and Recommendation, and other filings.  Dkt. Nos. 32-25, 43, 55, 76, 78.  But, as the undersigned made clear in the Report and Recommendation on the United States' motion to dismiss, Barnes simply misunderstands the law. The United States removed this action pursuant to the Westfall Act, 28 U.S.C. § 2679. Dkt. No. 1 at 1.  That Act provides that

> When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." § 2679(d)(1), (2).  Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee.  The litigation is thereafter governed by the Federal Tort Claims Act (FTCA), 60 Stat. 842.  If the action commenced in state court, the case is to be removed to a federal district court, and the certification remains "conclusiv[e] . . . for purposes of removal." § 2679(d)(2).

*Osborn v. Haley*, 549 U.S. 225, 229 (2007).  Here, the Attorney General certified that Gittel "was acting within the scope of federal office or employment at the time of the incident out of which Plaintiffs' claims arose."  Dkt. No. 1-3 at 2.  A plaintiff in a claim subject to the Westfall Act may dispute whether a particular employee was acting within the scope of their official duties at a particular time.  But the ability of the Attorney General "to remove a suit to federal court under § 2679(d)(2)" is not "controlled by the plaintiff's allegations."  *Id*. at 249. Indeed, "for purposes of

3

establishing a forum to adjudicate the case . . . § 2679(d)(2) renders the Attorney General's certification dispositive." *Id*. at 242. Moreover, the undersigned reviewed the evidence presented by both Barnes and the government and found it clear that Gittel's relationship to Barnes arose solely from Gittel's official duties with the United States Census Bureau. Accordingly, both the United States' removal of the case to federal court, and the substitution of the United States for Gittel were proper.

## III.  RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Carolyn Barnes' Motion Challenging Standing of United States, Dkt. No.  86.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of October, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE