IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CAROLYN BARNES § | |
| § | |
| v. § | A-15-CV-298-RP |
| § | |
| UNITED STATES OF AMERICA § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court is Defendants the United States and Harold Poppa's Motion to Dismiss (Dkt. No. 94). The Plaintiff, Carolyn Barnes, has not responded to the motion. The Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

**I. BACKGROUND**

Plaintiff Carolyn Barnes originally brought this suit against 78 defendants in the 419th District Court of Travis County. One Defendant, Kathleen Gittel, was working as a United States Census Bureau worker at the time the events giving rise to Barnes' claim took place. Accordingly, the United States removed the action to this Court on April 17, 2015, under the Westfall Act, 28 U.S.C. § 2679. By order dated June 4, 2015, District Judge Robert Pitman severed the claims against Gittel and two other defendants and remanded the remainder of the case to state court. Dkt. No. 75. The United States then brought a motion to dismiss on behalf of Gittel and itself. The United States argued that because Gittel was acting within the scope of her duties at the time of the alleged events,

she was entitled to absolute immunity, and that Barnes' claim was be converted to one against the United States under the Federal Tort Claims Act, with the United States substituted as the Defendant. Further, the United States argued that because Barnes had not exhausted her administrative remedies under the FTCA before filing suit, she had failed to state a claim for which relief may be granted, and her suit against the United States should be dismissed. After reviewing the motion, Barnes' response, and the relevant case law, the undersigned recommended that Judge Pitman grant the motion to dismiss. Barnes objected to the report and recommendation, and Judge Pitman adopted the undersigned's recommendations and dismissed Barnes' claims against Gittel and the United States. Dkt. No. 97.

At the time of the undersigned's report and recommendation, Barnes had not yet served two additional defendants the United States asserted were federal employees. Accordingly, on June 15, 2015, the undersigned ordered Barnes to serve Defendants Lacey Loftin and Harold Poppa by August 15, 2015, the deadline set by Federal Rule of Civil Procedure 4. Dkt. No. 82. The undersigned further warned Barnes that if she failed to effect service, and could not show good cause for such failure, the undersigned would recommend that the District Court dismiss the action for failure to serve. While there is no indication that either party has yet been served, the United States has made an appearance on behalf of Defendant Harold Poppa, filing the instant motion to dismiss. By its motion, the United States argues that should the Court decline to dismiss the claims against Poppa for Barnes' failure to serve, the Court should, pursuant to the Westfall Act, dismiss Poppa from the case, substitute the United States, and dismiss for either a lack of jurisdiction or failure to state a claim.

## II.  STANDARD OF REVIEW

The United States moves the Court to dismiss Barnes's claims against Poppa for lack of jurisdiction or failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b), sections 1 and 6, respectively.

**A.     Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit.  Federal district courts are courts of limited jurisdiction, and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case.  *Home Builders Assn. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002).  "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*  In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

**B.     Rule 12(b)(6)**

Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted."  While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to

raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also, Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Supreme Court recently expounded on the *Twombly* standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009). Finally, Although this Court construes the briefs of *pro se* litigants liberally, a *pro se* litigant must still comply with the court rules of procedural and substantive law. *Bird v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *See also*, *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[R]egardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (internal quotation marks and citations omitted), *cert. denied*, 537 U.S. 1200 (2003).

Courts must consider a Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Ramming*, 281 F.3d at 161. Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.*

4

### III.  ANALYSIS

Defendants the United States and Poppa argue that Barnes' claims against Poppa should be dismissed because she has not properly served him.  Moreover, Barnes failed to comply with the requirement that she also serve the United States when suing a federal employee.  Nonetheless, by filing their motion, the United States and Poppa have appeared in this court, and clearly have notice of Barnes' claim.  The undersigned will therefore consider the merits of the Defendants' motion, rather than summarily dismiss Barnes' claim for failure to properly serve.

**A.    Removal and Substitution**

The United States has removed this action pursuant to the Westfall Act, 28 U.S.C. § 2679. Dkt. No. 1 at 1.  That Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)).

> When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." § 2679(d)(1), (2).  Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee.  The litigation is thereafter governed by the Federal Tort Claims Act (FTCA), 60 Stat. 842.  If the action commenced in state court, the case is to be removed to a federal district court, and the certification remains "conclusiv[e] . . . for purposes of removal." § 2679(d)(2).

*Id*. The Act provides broad protections for federal employees, and is intended to relieve them of "the cost and effort of defending the lawsuit, and to place those burdens on the Government's shoulders." *Id*. at 252.

Here, the Attorney General has certified that Poppa "was acting within the scope of federal office or employment at the time of the incident out of which Plaintiffs' claims arose."  Dkt. No.

5

94-1 at 1. A plaintiff in a claim subject to the Westfall Act may dispute whether a particular employee was acting within the scope of their official duties at a particular time. But the ability of the Attorney General "to remove a suit to federal court under § 2679(d)(2)" is not "controlled by the plaintiff's allegations." *Id*. at 249. Thus, even when such factual disputes arise, government employees and the United States "should have the opportunity 'to present [their] version of the facts to a federal . . . court.'" *Id*. at 251 (citation omitted). So long as "the federal officer's 'relationship to [the plaintiff] derived solely from their official duties,'" removal is proper. *Id*. at 249 (citation omitted). Indeed, "for purposes of establishing a forum to adjudicate the case . . . § 2679(d)(2) renders the Attorney General's certification dispositive." *Id.* at 242. As such, "districts have no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted." *Id.* at 241.

Nonetheless, "the Attorney General's certification that a federal employee was acting within the scope of his employment . . . does not conclusively establish as correct the substitution of the United States as defendant in place of the employee." *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995). Indeed, "§ 2679(d)(2) does not preclude a district court from resubstituting the federal official as defendant *for purposes of trial* if the court determines, postremoval, that the Attorney's General's scope-of-employment certification was incorrect." *Osborn,* 549 U.S. at 242 (emphasis in original). Here, however, Barnes has not contested the United States' motion. Moreover, other than listing him as a Defendant, and identifying his address, she makes only one mention of him in the entirety of her lengthy complaint. Dkt. No. 1-1 at 9. Specifically, she states that "Poppa admitted to having [certain] critical exculpatory evidence, but claimed that no one had ever asked him for it despite a court order in December 2010 ordering the prosecutors to produce it."

6

Dkt. No. 1-2 at 6. As noted, *supra.*, in ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). To that end, the Court has taken notice of the Census Bureau Security Incident Report of the altercation between Barnes and Gittel, which the United States attached to its motion to dismiss Gittel from this action. Dkt. Nos. 4-1. The report was filled out by Poppa, apparently in an official capacity. Lacking any other information, the Court must take the Attorney General's certification as correct. Accordingly, the substitution of the United States for Poppa is proper.

**B.     Exhaustion of Administrative Remedies**

Thus, Barnes's claim against Poppa is in fact one against the United States, brought under the Federal Tort Claims Act ("FTCA"). The FTCA is the exclusive vehicle for the assertion of tort claims for damages against the federal government. *In re Supreme Beef Processors, Inc.,* 468 F.3d 248, 251-252 (5th Cir. 2006) (en banc) (citing 28 U.S.C. §§ 2679(a)-(b)(1)). While the United States maintains sovereign immunity from suit, the FTCA waives that immunity in part, "subject to strict limitations." *Id*. One such limitation is the requirement that prior to bringing an action for damages caused by a federal employee's act, a plaintiff must "have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675. "This requirement is jurisdictional, and may not be waived." *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981).

The United States argues that Barnes has not presented her claim to the appropriate federal agency, in this case the Department of Commerce. Dkt. No. 4 at 8. It has not attached to its motion

any evidence in support of this contention. Instead, it relies on evidence it submitted with its prior motion to dismiss Gittel, namely the sworn declaration of Angela Henson, the administrative specialist tasked with receiving, processing, and maintaining custody of all documents submitted as claims pursuant to the FTCA for the Department of Commerce and its constituent agencies, including the Census Bureau. Dkt. No. 4-4 at 2. Henson swore that a review of Department records indicated that "no claim or any submission purporting to be a claim under the FTCA had been received by [her] office from Carolyn Barnes or anyone else acting on her behalf" prior to March 6, 2015, the date on which Barnes filed suit in state court. *Id*. Accordingly, the United States argues, Barnes's claim should be dismissed for lack of jurisdiction, as she has not met the requirements of 28 U.S.C. § 2675.

At no point in any of her filings does Barnes present evidence that she presented a claim to the Department of Commerce, the Census Bureau, or any other federal agency. As such, she has failed to exhaust her administrative remedies, as required by 28 U.S.C. § 2675, and her claim against the United States should be dismissed for lack of jurisdiction.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** the United States' and Harold Poppa's Motion to Dismiss, Dkt. No. 94. The undersigned further **RECOMMENDS** that all claims against the United States and Poppa be **DISMISSED FOR LACK OF JURISDICTION**.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of October, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE